FILED
United States Court of Appeals
Tenth Circuit

June 13, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TYRONE PARKER,

    Defendant - Appellant.

No. 16-1504
(D.C. No. 1:08-CR-00207-MSK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

Tyrone Parker appeals his sentence for violating the conditions of his supervised release, arguing 20 months in prison is substantively unreasonable.

Mr. Parker admitted to 13 supervised release violations in a 15-month period—10 violations for possession and use of controlled substances, one for 16 failures to submit to urinalysis testing, one for 8 absences from drug abuse counseling, and one for a resisting arrest conviction. His criminal history includes 4 felonies and 8 misdemeanors. The advisory Guidelines range was 8 to 14 months.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Based on the factors in 18 U.S.C. § 3553(a) that apply under § 3583(e) to sentencing for supervised release violations, especially Mr. Parker's multiple violations and criminal history, the district court imposed a 20-month sentence.

On appeal, Mr. Parker argues the district court unreasonably diminished his positive conduct during supervised release and skewed the balancing of the statutory sentencing factors. The court, however, took "into account the history and characteristics of the defendant," said that his violations and criminal history were "not compensated for by [his] good efforts," and acknowledged the "good things" but said they did not "wipe out the bad things." ROA Vol. III at 91-92.

We do not "examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them, as a legal conclusion to be reviewed de novo." *United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008). Instead, we review for abuse of discretion. *United States v. Ruby*, 706 F.3d 1221, 1225 (10th Cir. 2013) (recognizing "abuse of discretion" as the standard of review for a reasonableness challenge to a sentence for violation of supervised release).

Based on our consideration of the parties' arguments, the applicable law, and the record, including the transcript of the supervised release hearing at which Mr. Parker was sentenced, we cannot say the district court abused its discretion. It was not "arbitrary, capricious, whimsical, or manifestly unreasonable when it weighed the permissible § 3553(a) factors." *United States v. Sanchez-Leon*, 764 F.3d 1248, 1267 (10th Cir. 2014) (quotations omitted).

Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we

affirm the sentence imposed by the district court.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge